UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 4:24-cr-630 RWS |
| v. | ) |
| JEREMY LORENZ, | ) |
| Defendant. | ) |

### GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are Defendant Jeremy Lorenz, represented by defense counsel Rachel Korenblat, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count Two, the Government agrees to move for dismissal as to Counts One and Three at the time of sentencing. Moreover, the Government agrees that no further federal prosecution will be brought in this District relative to

Defendant's violations of federal law, known to the Government at this time, arising out of the events set forth in the Indictment.

  B. **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that the Government will agree to a six-point variance at the time of sentencing. The parties further agree that Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The Government agrees that it will request a sentence within the U.S. Sentencing Guidelines range, after the application of the six-point variance. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

  Defendant also agrees, pursuant to this guilty plea to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to items a - qqq listed within Attachment A to the Guilty Plea Agreement, incorporated herein by reference.

3. **ELEMENTS:**

  A. **Count Two:** As to Count Two, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

  (i) Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

  (ii) Defendant, thereafter, knowingly possessed a firearm;

Page 2 of 13

(iii) At the time Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv) The firearm was transported across a state line at some point during or before Defendant's possession of it.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Norman Coleman is a federal firearms licensee (FFL), licensed to deal in firearms. Mr. Coleman stored his firearms in an enclosed trailer located at 485 North Highway Drive, in Saint Louis County, which is within the Eastern District of Missouri. On November 15, 2024, his trailer was burglarized and approximately 100 firearms were stolen from his inventory.

Defendant was arrested on November 19, 2024, on unrelated "wanteds." Two firearms were seized from either Defendant's person or his vehicle, a Kel-Tec, Model P17, .22 caliber pistol, SN: GCY81, with a 16-cartridge capacity magazine, and a Mossberg, Model 590 Shockwave, 20-gauge shotgun, SN: V1652559. A computer inquiry of those firearms revealed them both to have been stolen from the FFL burglary on November 15, 2024.

Because Defendant was in possession of firearms that had been stolen from the FFL burglary, agents began investigating Defendant. Agents learned that Defendant had an appointment with his Probation and Parole Officer on November 20, 2024. Agents contacted the Officer, who advised that Defendant would be late to the appointment due to car troubles and that he was at the Firestone Auto in Clayton, MO. Agents responded to that area and located a vehicle

associated with Defendant's girlfriend. After an area canvas, Agents located Defendant at a nearby café, at 7337 Forsyth Boulevard, Clayton, MO, in the Eastern District of Missouri. Defendant told Agents he was in possession of a firearm, a Smith & Wesson MP Shield, 9mm, Pistol, SN RFU7065. Agents seized the firearm and took Defendant into custody. A computer inquiry of this firearm revealed it to have been stolen from the above referenced FFL burglary.

A search of Defendant's girlfriend's car revealed 6 additional firearms. A computer inquiry of the 6 firearms revealed them to have been stolen from above referenced FFL burglary. A consent search of the girlfriend's residence revealed 13 firearms that had been stolen from the above referenced FFL burglary.

After being advised of his *Miranda* rights, Defendant admitted to being a convicted felon and that he knew he was not supposed to be in possession of firearms. He admitted to burglarizing the FFL and stealing the firearms on November 15, 2024, to acting alone, and to selling most of the firearms. Defendant told the agents to whom he sold the firearms and ultimately, between 25 and 99 firearms that were stolen from the November 15, 2024, burglary have been recovered.

All of the firearms seized from Defendant were examined by an expert firearms examiner who determined they functioned as designed and were manufactured outside the state of Missouri.

Prior to November 15, 2024, Defendant had been convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time Defendant possessed the aforementioned firearms, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

5. **STATUTORY PENALTIES:**

A. **Statutory Penalties**: Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is:

(i) **Count Two**: imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

6. **U.S. SENTENCING GUIDELINES: 2024 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A. **Chapter 2 Offense Conduct**:

i. **Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearms.

ii. **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

1. Six levels will be added pursuant to 2K2.1(b)(1)(C) because between 25 - 99 firearms were involved;

2. Two levels will be added pursuant to 2K2.1(b)(4)(A) because at least one of the firearms involved was stolen.

3. Four levels will be added pursuant to 2K2.1(b)(6)(B) because Defendant possessed the firearms in connection with another felony offense.

Page 5 of 13

4. Because at least one of the firearms possessed contained a magazine with a capacity to accept more than 15 rounds of ammunition, the firearm satisfies the definition of "semiautomatic firearm that is capable of accepting a large capacity magazine" as that phrase is used in the Guidelines.

**B.   Chapter 3 and 4 Adjustments**:

(i)   **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section

3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    C.    **Estimated Total Offense Level:**   The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a) along with other relevant factors stated above.

    D.    **Criminal History:**   The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

    E.    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

    A.    **Appeal:**  Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

Page 7 of 13

  i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

  ii. **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of Defendant's criminal history category; or (3) the parties' joint recommendation for a six-level variance; or (4) substantive reasonableness of the sentence-above the Guideline range ultimately determined by the Court for appeals taken by Defendant, or below that range for appeals taken by the United States.

  B. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  C. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   A. **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

   B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

   C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

   D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E. **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon Defendant's interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

Defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: Items a - qqq listed within Attachment A to the Guilty Plea Agreement, incorporated herein by reference. Defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to Defendant when it is issued and will be part of the sentence. Defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. Defendant will execute any documents and take all steps needed to transfer title or ownership of

said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. Defendant knowingly and intelligently waives all constitutional, statutory and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that Defendant was not given adequate notice of forfeiture in the charging instrument.

9. **ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all

possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

10-9-2025
Date

Nichole Frankenberg
Assistant United States Attorney

10-9-25
Date

Jeremy Lorenz
Defendant

10-9-25
Date

Rachel Korenblat
Attorney for Defendant

Page 13 of 13